IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL MARTINDALE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA D.O.C., M.S.P., LEROY KIRKEGARD, MIKE BATISTA, and M.S.P. MEDICAL DEPARTMENT,<br><br>Defendants. | CV 15-00111-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Michael Martindale's Motion to Proceed in Forma Pauperis (Doc. 1), proposed Complaint (Doc. 2), and Notice of Noncompliance and Motion to Show Cause why Sanctions should not be Imposed (Doc. 5). Mr. Martindale allegedly has terminal cancer. He contends Defendants are knowingly interfering with prescribed medical treatment, causing him to suffer extreme pain and suffering.

The Montana Department of Corrections, Montana State Prison, and the Montana State Prison Medical Department should be dismissed based upon the Eleventh Amendment. All other Defendants must respond to Mr. Martindale's allegations.

**I. Motion to Proceed in Forma Pauperis and Motion for Sanctions**

1

Mr. Martindale filed a Motion to Proceed in Forma Pauperis but failed to submit an account statement as required by 28 U.S.C. §1915(a). (Doc. 1.) On December 30, 2015, the Court issued an order requiring Mr. Martindale to submit a certified copy of his account statement for the six-month period immediately preceding the submission of his Complaint. (Doc. 4.) On January 22, 2016, Mr. Martindale filed a "Notice of Noncompliance and Motion to Show Cause why Sanctions should not be Imposed." (Doc. 5.) Therein, Mr. Martindale submits that he has made at least three requests for copies of his inmate account statements and the prison has failed to provide him with that documentation. (Inmate Requests dated December 18, 2015, January 5, 2015, January 10, 2015, Doc. 5-1 at 1-3.)

In light of this representation, the request to proceed in forma pauperis will be granted, and Defendants will be required to respond to Mr. Martindale's motion for sanctions.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Martindale must pay the statutory $350.00 filing fee. Because Mr. Martindale was unable to submit an account statement, he will not be required to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the

agency having custody of Mr. Martindale to forward payments from Mr. Martindale's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Initial Screening Pursuant to 28 U.S.C. §§1915, 1915A**

The Court has considered whether Mr. Martindale's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Martindale has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants Batista and Kirkegard must respond to the Complaint.

The Montana Department of Corrections, Montana State Prison, and the Montana State Prison Medical Department, however, are not proper parties in this action. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, states, state agencies,

and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

The Montana Department of Corrections, Montana State Prison, and the Montana State Prison Medical Department have Eleventh Amendment immunity from suit in federal court and are not "persons" for purposes of 42 U.S.C. § 1983. The Section 1983 claims against the Montana Department of Corrections, Montana State Prison, and the Montana State Prison Medical Department should be dismissed.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Martindale may pursue his claims for injunctive relief against the individual Defendants named in their official capacities.

Based on the foregoing, the undersigned issues the following:

## ORDER

1. Mr. Martindale's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed December 14, 2015.

3. Pursuant to Fed.R.Civ.P. 4(d), the Court requests that Defendants Batista and Kirkegard waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants Batista and Kirkegard choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

4. The Clerk of Court shall e-mail the following document to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

* Notice of Noncompliance and Motion to Show Cause why Sanctions should not be Imposed (Doc. 5);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with hard copies of these documents.

5. Within 30 days after the entry date of this Order, Defendants Batista and Kirkegard shall file a response to Mr. Martindale's Motion to Show Cause why Sanctions should not be Imposed (Doc. 5).

6. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

7. Mr. Martindale <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

8. At all times during the pendency of this action, Mr. Martindale must immediately advise the Court and opposing counsel of any change of address and

its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the undersigned issues the following:

**RECOMMENDATION**

The Montana Department of Corrections, Montana State Prison and the Montana State Prison Medical Department should be dismissed based upon the Eleventh Amendment.

DATED this 16th day of February, 2016.

   /s/ John Johnston
John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL MARTINDALE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA D.O.C., M.S.P., LEROY KIRKEGARD, MIKE BATISTA, and M.S.P. MEDICAL DEPARTMENT,<br><br>Defendants. | CV 15-00111-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendants and may impose the full costs of such service.
Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 26th day of February, 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL MARTINDALE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA D.O.C., M.S.P., LEROY KIRKEGARD, MIKE BATISTA, and M.S.P. MEDICAL DEPARTMENT,<br><br>Defendants. | CV 15-00111-H-DLC-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____


_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)