IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL MARTINDALE,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD and MIKE BATISTA,[1]<br><br>Defendants. | CV-15-00111-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Michael Martindale's Motion to Stay Proceeding (Doc. 20) and Defendants' Motion to Dismiss (Doc. 15). The motion to stay will be denied. Defendants' motion to dismiss should be denied.

## I. MOTION TO STAY

Mr. Martindale seeks an extension of time or a stay until August 1, 2016 to allow a "legal assistant" the time he needs to familiarize himself with the case. (Doc. 20.) Defendants oppose the motion on the grounds that Mr. Martindale failed to comply with Local Rule 7.1(c)(1) and because the so called "legal

---

[1]The caption has been amended to reflect the dismissal of the Montana Department of Corrections, Montana State Prison, and the Montana State Prison Medical Department. (Doc. 8.)

1

assistant" is a former inmate who is not an attorney and whose parole conditions restrict him from contacting another convicted felon. (Doc. 21.)

Mr. Martindale is advised that he must comply with Local Rule 7.1(c)(1) and contact counsel for Defendants prior to filing any motion to determine if they object to the motion. Any future motion or request to the Court which does not contain a certification that he has contacted opposing counsel may be denied.

Based upon Defendants' representations, Mr. Martindale is relying upon a former inmate who is not licensed to practice law to assist him in the litigation of this case. This is not appropriate and will not be allowed.

In addition, Defendants indicate and have presented evidence that Mr. Martindale currently resides at the Missoula Prerelease Center in Missoula, Montana and his notice of change of address is the address of Darren Goldsmith, a former inmate who is on parole. The Clerk of Court is therefore directed to update Mr. Martindale's address to the Missoula Prerelease Center in Missoula, Montana. The Court will not be a party to Mr. Goldsmith practicing law without a license or violating his conditions of parole.

## II. MOTION TO DISMISS

### A. Supervisory Liability

Defendants have filed a motion to dismiss arguing that Mr. Martindale has

failed to state a plausible claim for supervisory liability against Defendants. This Court conducted a screening of Mr. Martindale's Complaint (Doc. 2) and on February 16, 2016 issued an Order stating that it had:

> considered whether Mr. Martindale's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Martindale has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants must respond to the Complaint.

(February 16, 2016 Order, Doc. 6 at 3.) Despite this finding, Defendants filed a motion to dismiss arguing that Mr. Martindale has not stated a plausible claim for supervisory liability against Defendants Kirkegard and Batista.[2] In conducting the

---

[2]Some courts view a motion to dismiss following initial pre-screening as little more than a motion for reconsideration. *Moreno v. Beddome,* 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012) (treating the motion to dismiss as a motion for reconsideration and providing that "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond"); *see also Manon v. Hall*, 2015 WL 8081945, at *3 (D. Conn. Dec. 7, 2015) ("Defendants' motion in effect seeks reconsideration of this Court's prior initial review order, but a party should pause before making such a request absent particularly compelling reasons such as 'mistake, inadvertence, surprise, or excusable neglect.'") (citing to Fed. R. Civ. P. 60(b)(l)). Additionally, at least one court takes the position that it is always inappropriate to move to dismiss following preliminary screening simply because the moving party views the complaint differently than the reviewing judge. *Manon*, 2015 WL 8081945 at *3 (stating that "a party should never move to dismiss claims that have already been dismissed or seek dismissal of claims that the Court has determined to be non-frivolous solely on the basis that the moving party disagrees"). Though this

prescreening mandated by 28 U.S.C. §§ 1915, 1915A, the Court considered whether the Complaint failed to state a claim and it considered whether Mr. Martindale had made plausible claims against Defendants Batista and Kirkegard. The Court found that Mr. Martindale had set forth sufficient facts to state a claim upon which relief could be granted against these Defendants. None of Defendants' arguments in the motion to dismiss change that analysis.

Section 1983 imposes individual liability upon state actors only if their personal conduct violated his constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for their own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

To impose liability under Section 1983 against a supervisor, a plaintiff must

---

Court does not adopt this approach in this case, Defendants are cautioned, in the future, to move for dismissal wisely.

establish the supervisor's prior knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235, 2014 U.S. Dist. LEXIS 82450 (D.Mont. 2014) (D.Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

A supervisor may be liable for: (1) setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) culpable action or inaction in training, supervision, or control of subordinates; (3) acquiescence in the constitutional deprivation by subordinates; or (4) conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Mr. Martindale alleges Defendant Kirkegard "through grievances and administrative remedy is and has been aware and even informed that he, as chief policymaker/administrator is deliberately indifferent because he is aware of my situation and the medical directives that are and have not been adhered to by his MSP medical department." (Complaint, Doc. 2 at 6.) Mr. Martindale makes the

5

same allegations against Director Batista. *Id.* Mr. Martindale has sufficiently alleged that Defendants Kirkegard and Batista had prior knowledge that he was being denied medical care for his cancer and therefore acquiesced in the constitutional deprivation by their subordinates. He does not allege supervisory liability on alleged control over policies or procedures, rather he alleges that Defendants Kirkegard and Batista were personally made aware of his specific situation and were deliberately indifferent to his serious medical needs.

### B. Prospective Declaratory or Injunctive Relief

Defendants also argue that "the only claims against the State Defendants that survived the Court's screening process were claims for prospective declaratory or injunctive relief." (Brief, Doc. 16 at 7 citing February 16, 2016 Service Order, Doc. 6 at 4.) There is no indication in the February 16, 2016 Order that the only claims against Defendants were claims for prospective relief. The Order simply clarified that Mr. Martindale's claims for injunctive relief could also proceed. (Doc. 6 at 4.) Mr. Martindale's claims for both monetary and injunctive relief survived the prescreening process.

Defendants also seek to dismiss Mr. Martindale's claim for injunctive relief

as moot because he has been transferred to prerelease.[3] Defendants are correct that "[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995) (citations omitted.) To the extent that Mr. Martindale is still subject to DOC policies with regard to medical care, however, he may still have a claim for injunctive relief.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Mr. Martindale's Motion to Stay (Doc. 20) is **DENIED**.

2. The Clerk of Court is directed to change Mr. Martindale's address in the record to the Missoula Prerelease Center, 2350 Mullan Road, Missoula, MT 59808.

Further, the Court issues the following:

**RECOMMENDATION**

Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 15) should be **DENIED**.

---

[3]Although Defendants' motion discusses Mr. Martindale's placement at Connections Corrections in Butte, Montana (Doc. 16 at 7), the latest filings indicate that Mr. Martindale is at Missoula Prerelease.

7

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of July, 2016.

                                            */s/ John Johnston*
                                            John Johnston
                                            United States Magistrate Judge

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.